Richard Wayne ADAMS, Plaintiff,

v.

**ARDCOR DIV. OF AMERICAN ROLL
TOOLING, INC., American States Insur-
ance, A Part of Lincoln Nat'l Corp.,
Speaker Electric, Inc., Cordeck Sales,
Inc. and Contour Roll Company, Inc.,
Defendants.**

No. 97–C–0375.

United States District Court,
E.D. Wisconsin,
Milwaukee Division.

Aug. 18, 2000.

Constantine N. Dranias, Dranias Harrington & Wilson, Chicago, IL, for Plaintiff.

Russell A. Klingaman, Hinshaw & Culbertson, Milwaukee, WI, for Defendant Ardcor.

Jan M. Schroeder, Peterson Johnson & Murray, Milwaukee, WI, for Defendant American States Insurance Co.

W. Timothy Steinle, Terschan Steinle & Ness, Milwaukee, WI, for Defendant Cordeck Sales Inc.

Mary C. Flanner–Strack, Baxter O'Meara & Samuelsen, Milwaukee, WI, for Defendant Contour Roll Company Inc.

Steven T. Caya, Fellows Piper & Schmidt, Milwaukee, WI, for Defendant Speaker Electric Inc.

## ORDER AFFIRMING MAGISTRATE JUDGE GORENCE'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SIGN AUTHORIZATIONS FOR PSYCHOLOGICAL RECORDS AND ANSWER DEPOSITION QUESTIONS AND DENYING PLAINTIFF'S REQUEST FOR MODIFICATION OF ORDER

CLEVERT, District Judge.

Before the court is the plaintiff's Appeal of Magistrate Judge Patricia Gorence's Memorandum Order of August 1, 2000. For the reasons set forth herein, the order will be affirmed.

Under Fed.R.Civ.P. 72(a), the court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Similarly, 28 U.S.C. § 636(b)(1)(A) provides, in relevant part:

[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court.... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Thus, both Rule 72(a) and § 636(b)(1)(A) allow the court to modify or reverse a magistrate judge's ruling if it is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great American Surplus Lines Insurance Co.,* 1988 WL 2788, at *1 (N.D.Ill.1988).

Magistrate Judge Gorence entered her order granting the defendants' Motion to Compel Plaintiff to Sign Authorizations for Psychological Records and Answer Deposition Questions based on a determination that the plaintiff has waived his psychotherapist-patient privilege in this case. After review of the plaintiff's Objection To Decision and Request for Review, filed August 9, 2000, and relevant documents on file, this court cannot conclude that Judge Gorence's decision and order are clearly erroneous or contrary to law.

The plaintiff contends that Judge Gorence erroneously applied the analogy between the implied waiver of the psychotherapist-patient privilege and the implied waiver of the attorney-client privilege articulated in *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). According to the plaintiff, the psychological records and deposition testimony sought by the defense do not concern his claim of psychological injury and counseling in this case, as they relate to his pre-accident fitness to obtain custody of his child and were not disclosed to the psychologist who treated him following the accident at issue and expert witness. Consequently, he urges to court to adopt "the modern, post-Jaffee trend cited ... in his responsive brief...." He adds that Judge Gorence's failure to enter a protective order ensuring nondisclosure of the information by the Court, the parties and the attorneys provides a second reason for reversal.

Plaintiff relies on *Booker v. City of Boston,* 1999 WL 734644, *1 (D.Mass.1999); *Fritsch v. City of Chula Vista,* 187 F.R.D. 614, 621 (S.D.Cal.1999); *Hucko v. City of Oak Forest,* 185 F.R.D. 526, 530–32 (N.D.Ill.1999) *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 229 (D.Mass.1997). However, as the plaintiff is certainly aware, none of these cases is binding on this court. Even so, Judge Gorence analyzed the reasoning underlying this line of cases, found *Hucko* persuasive and determined that it is not proper to find a waiver of the psychotherapist-patient privilege solely on the inclusion of a request for damages based on emotional distress. Judge Gorence then examined the waiver question as if waiver of the attorney-client privilege were at issue. Moreover, she noted that the plaintiff intends to call his treating psychotherapist as a witness to advance his claims of emotional distress as well a psychological expert, Keith Bjorge, Psy.D. Because Bjorge testified that plaintiff's prior counseling would be significant to him and the treating psychologist would be appearing at trial, it was not clearly erroneous for Judge Gorence to find that plaintiff impliedly waived the psychotherapist-patient privilege in this case. Moreover, Judge Gorence's decision is not inconsistent with the holding in *Jaffee.*

■ In considering plaintiff's claim that Judge Gorence erred in failing to enter a protective order requiring that the subject discovery remain confidential, the court can find no basis for reversal. Plaintiff's brief in response to defendants' motion to compel did not request entry of a protective order, plaintiff has failed to cite any authority showing that he had a right to entry of a protective order and plaintiff has failed to show that Judge Gorence abused her discretion by not entering a protective order sua sponte.

■ Furthermore, parties to judicial proceeding do not have carte blanche to seal documents and judicial proceedings they wish to keep confidential. To the contrary, as the Seventh Circuit has observed, "[t]he

public's right of access to court proceedings and documents is well-established." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994). Indeed, there exists a rebuttable presumption in favor of public access to judicial records. *In the Matter of Continental Illinois Securities Litigation,* 732 F.2d 1302, 1308 (7th Cir. 1984). Public access to court records is rooted in "common-law traditions predating the enactment of our Constitution" and the First Amendment. *Grove Fresh,* 24 F.3d at 897. Consequently, to rebut the presumption of access, the party seeking to cloak the record must demonstrate that suppression " 'is essential to preserve higher values and is narrowly tailored to serve that interest.' " *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). Moreover, "any doubts must be resolved in favor of disclosure." *Id.*

As indicated above, the plaintiff has presented nothing to rebut the presumption of public access to evidence or documents that the defense may present at trial or file as a result of the discovery at issue. Moreover, a sweeping protective order barring necessary use of discovery would unduly deprive the public of its fundamental right to monitor this case in particular and the functioning of our courts in general.[1]

Now, therefore,

IT IS ORDERED that Judge Gorence's Memorandum and Order dated August 1, 2000, is affirmed.

---

1. The parties are reminded that in the absence of a stipulation, Local Rule 7.11 limits disclosure of

confidential information produced in the course of discovery.